# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

PENNY NICHOLAS,

    Plaintiff,

v.

GREEN TREE SERVICING, LLC,

    Defendant.

Civil Action No. TDC-15-1279

## MEMORANDUM OPINION

Plaintiff Penny Nicholas has filed suit alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* (2012), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (2012) by Defendant Green Tree Servicing, LLC ("Green Tree"). Pending before the Court is Green Tree's Motion to Dismiss. The Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE.

## BACKGROUND

The following facts are presented in the light most favorable to Nicholas, the nonmoving party. On November 30, 2007, Nicholas refinanced the mortgage on her residence at 15940 Alameda Drive in Bowie, Maryland (the "Property"). She executed a promissory note, secured by a deed of trust on the Property, for $403,750 in favor of Mortgage Network, Inc.[1] At some

---

[1] For purposes of the Motion to Dismiss, the Court considers the Note, the Deed of Trust, and the Assignment of the Deed of Trust attached to Green Tree's Motion to Dismiss. These records

point, Bank of America became the servicer of Nicholas's loan.  On June 11, 2013, Bank of America assigned the Deed of Trust to Green Tree, which then took over as her mortgage servicer.  Nicholas claims that she did not receive notice of this change in servicers.

On August 20, 2014, a foreclosure action was initiated against Nicholas in the Circuit Court for Prince George's County, Maryland.  During a mediation session, Nicholas and Green Tree informally agreed that Nicholas would submit a loan modification application to Green Tree by December 12, 2014.  Nicholas submitted a complete application on December 12.  Green Tree did not confirm receipt of the application package.  Instead, it scheduled a foreclosure sale for January 29, 2015.  Green Tree then refused to provide Nicholas with information about the status of her loan modification application.  According to Nicholas, Green Tree's inaction left her with "no choice but to file [for] bankruptcy to stop the foreclosure sale of her home."  Compl. ¶ 26.

On January 26, 2015, Nicholas, through counsel, filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland.[2]  As required by 11 U.S.C. § 521(a)(1), Nicholas submitted a Schedule of Personal Property with the Petition.  In the category of "[o]ther contingent and unliquidated claims of every nature," Nicholas listed a "[c]laim against Bank of America for violations of RESPA."  Mot. Dismiss Ex. 3, Bankr. Petition at 7.  She estimated the value of the claim to be $50,000, though she stated that she had not yet received an attorney's opinion of the claim.  The Petition did not identify any other legal

---

are integral to the Complaint and are of undisputed authenticity.  *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2]   Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Nicholas's bankruptcy petition and the bankruptcy court docket, both attached to Green Tree's Motion to Dismiss.  *Anderson v. FDIC*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered "a unit of the district court" under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records.").

claims. It did, however, name Green Tree as a secured creditor with a first mortgage on the Property.

On February 25, 2015, Green Tree filed a Motion for Relief from the Automatic Stay in the bankruptcy case so that it could foreclose on the Property. On April 3, 2015, counsel for Nicholas in this case, Shikha Parikh, sent a letter to the Trustee of Nicholas's bankruptcy estate. Parikh, who did not represent Nicholas in the bankruptcy proceeding, wrote, "Ms. Nicholas has retained my services to pursue claims against her lender, Green Tree Servicing, LLC, for its violations of Federal and Maryland law related to mortgage servicing." Pl.'s Opp'n to Mot. Dismiss ("Opp'n") Ex. A, Parikh Letter. "I need to speak with you regarding the possibility of monetary damages," Parikh continued, although she noted that the lawsuit's primary goal would be to secure a loan modification, rather than damages. *Id.* Parikh urged the Trustee to respond quickly because Green Tree had moved to lift the automatic stay and Parikh wanted to file suit before a foreclosure sale was scheduled. The record does not indicate whether Parikh and the Trustee had any further contact.

On April 17, 2015, the bankruptcy court granted Green Tree's motion and lifted the automatic stay. On April 21, 2015, the Trustee submitted a Report of No Distribution, indicating that the estate contained no property available for distribution to creditors. On May 6, 2015, the bankruptcy court issued an order discharging Nicholas. On May 12, 2015, the bankruptcy case was closed.

On May 4, 2015, Nicholas filed her Complaint in this Court. On June 16, 2015, Green Tree filed its Motion to Dismiss. On August 19, 2015, Nicholas filed an Opposition to the Motion. On September 8, 2015, Green Tree submitted a Reply to Nicholas's Opposition.

**DISCUSSION**

In the Complaint, Nicholas alleges that Green Tree violated RESPA by (1) failing to provide her with notice of the transfer of servicing from Bank of America to Green Tree; and (2) pursuing a foreclosure sale even though she had submitted a complete loss mitigation package more than 37 days before the foreclosure sale date.  She also alleges that Green Tree failed to comply with the FDCPA by using abusive, deceptive, or unfair debt collection practices.  15 U.S.C. § 1692(a).  In its Motion, Green Tree argues that Nicholas lacks standing to bring this action because her claims were never scheduled in the bankruptcy proceeding and therefore belong to the bankruptcy estate.

**I.      Legal Standard**

Green Tree's standing argument challenges the Court's subject matter jurisdiction.  *See Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 480-81 (4th Cir. 2003) (analyzing a claim of lack of standing as a challenge to subject matter jurisdiction); *Borlo v. Navy Fed. Credit Union*, 458 B.R. 228, 230-31 (D. Md. 2011) (analyzing a claim of lack of standing based on failure to schedule claims in a bankruptcy petition under Federal of Civil Procedure 12(b)(1)).

It is the plaintiff's burden to show that subject matter jurisdiction exists.  *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing.  When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  When a defendant asserts that facts outside of

the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

**II.     Standing**

Filing a petition for Chapter 7 bankruptcy creates an estate comprised of the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2012). "Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). "The bankruptcy trustee, as representative of the estate, has exclusive authority to use, sell, or lease estate property." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002) (citing 11 U.S.C. §§ 323(a), 363(b)(1)). Therefore, if a cause of action accrued before the debtor filed for bankruptcy, "the trustee alone has standing to bring that claim." *Nat'l American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999); *Wilson*, 717 F.3d at 342.

A debtor regains standing to bring claims that accrued pre-petition if those claims are abandoned. *Nat'l American Ins. Co.*, 187 F.3d at 441; *Miller*, 287 B.R. at 50-51. Property belonging to the bankruptcy estate can be abandoned in three ways: (1) by the trustee after notice and hearing; (2) by court order after notice and hearing; or (3) by operation of law if property listed on the debtor's schedules of property has not been administered when the

bankruptcy case closes. 11 U.S.C. § 554. Debtors must disclose legal claims on a Schedule of Personal Property filed with the bankruptcy court. *See id.* § 521(a)(1)(B)(i). If the debtor's schedule does not disclose a cause of action that accrued pre-petition, that cause of action remains the property of the estate after the bankruptcy case is closed. *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008); *Stanley v. Sherwin-Williams Co.*, 156 B.R. 25, 26-27 (W.D. Va. 1993). The debtor lacks standing to bring an unscheduled, and thus never abandoned, pre-petition claim even if the debtor was not aware of a legal basis for bringing that claim at the time the bankruptcy petition was filed. *Miller*, 287 B.R. at 51.

Nicholas does not dispute that the claims asserted in this action accrued before she filed for bankruptcy. Therefore, if these claims were not abandoned, she lacks standing to assert them. Green Tree argues that Nicholas's bankruptcy petition did not schedule any claims against Green Tree. Nicholas contends that she did schedule the claims in this lawsuit; her schedule just misidentified the defendant as Bank of America. The Court must decide whether, by scheduling a RESPA claim against Bank of America, Nicholas scheduled the claims in the present suit.

The Bankruptcy Code instructs debtors to disclose all assets, including potential legal claims, but it offers no guidance as to the specificity with which those assets must be described. *See* 11 U.S.C. § 521(a)(1)(B)(i); *Donarumo v. Furlong* (*In re Furlong*), 660 F.3d 81, 87 (1st Cir. 2011). "While a 'debtor has a duty to prepare schedules carefully, completely, and accurately,' generally, an asset is adequately scheduled if its description exhibits 'reasonable particularization under the circumstances.'" *In re Furlong*, 660 F.3d at 87 (quoting *In re Mohring*, 142 B.R. 389, 394–95 (Bankr. E.D. Cal. 1992)). A trustee has a duty to investigate the financial affairs of the debtor. 11 U.S.C. § 704(a)(4). Consequently, a debtor only has to "do enough itemizing to

enable the trustee to determine whether to investigate further." *In re Furlong*, 660 F.3d at 87 (quoting *Payne v. Wood*, 775 F.2d 202, 207 (7th Cir. 1985)).

Courts applying this standard have found that debtors' schedules need not identify every potential cause of action, every possible defendant, or even any defendant at all, so long as a partially scheduled claim contains enough information that a reasonable investigation by the trustee would reveal the claim ultimately asserted. *See id.* at 87-88 (holding that a scheduled claim for breach of contract put the trustee on inquiry notice for claims that "might arise out of the same underlying facts"); *Bonner v. Sicherman* (*In re Bonner*), 330 B.R. 880, 2005 WL 2136204, at *4-5 (6th Cir. 2005) (holding that a schedule which listed an "Auto Accident Claim" but did not identify any potential defendant was sufficiently specific to alert the trustee to a potential personal injury claim arising from an automobile collision).

For instance, in *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482 (E.D.N.Y. 2013), a debtor scheduled an FDCPA claim against a debt collector, NCOP XI LLC, but did not list its representative, Forster & Garbus LLP, as a defendant in that action. *Id.* at 485, 489-90. The court ruled that the debtor nevertheless had standing to pursue the suit against Forster because the trustee had abandoned the claim, and a "minimal investigation by the trustee would have revealed" Forster's involvement in the alleged FDCPA violation. *Id.* at 490. Likewise, in *Kuehn v. Cadle Co.*, No. 5:04-cv-432-Oc-10GRJ, 2007 WL 809656 (M.D. Fla. Mar. 15, 2007), the plaintiff's Chapter 7 bankruptcy petition scheduled a pending lawsuit against Cadleway Properties, even though the defendant in the suit was Daniel C. Cadle, the owner of Cadleway Properties. *Id.* at *1-2. The court held that the claim against Cadle was abandoned upon the closing of the bankruptcy case because the schedule gave the trustee sufficient notice of the lawsuit to allow it to investigate further and discover the true defendant. *Id.* at *5.

Thus, Nicholas's failure to schedule a claim against Green Tree does not automatically deprive her of standing. Arguably, the scheduling of a RESPA claim against Bank of America could have put the Trustee on notice of Count III of the Complaint, Nicholas's claim that Green Tree failed to provide notice that it had acquired the servicing rights to the mortgage loan. In investigating a RESPA claim against Bank of America for failure to provide notice to Nicholas of the transfer of servicing rights to Green Tree, 12 U.S.C. § 2605(b)(1), the Trustee may have been able to uncover a parallel RESPA claim against Green Tree for failure to provide notice that it received those rights, *id.* § 2605(c)(1). At first glance, the other claims against Green Tree, which relate to loan servicing, might appear to be encompassed by the scheduling of the RESPA claim against Bank of America, the predecessor servicer, because investigation of that claim could eventually lead to the identification of other servicing defects throughout the life of the loan. *See In re Furlong*, 660 F.3d at 87 (finding that a scheduled claim encompasses related claims arising from the same underlying facts that would be uncovered by a trustee's investigation).

But upon closer examination, Nicholas's scheduled RESPA claim against Bank of America would not have put the Trustee on notice of the other claims. Count I alleges that Green Tree violated RESPA by failing to process Nicholas's loan modification application and instead scheduling a foreclosure sale, but there is no indication that Bank of America, which serviced the loan at an earlier time, took any part in the proposed loan modification or the foreclosure proceedings. Similarly, Count III alleges an FDCPA claim against Green Tree for unfair debt collection practices, but there is no indication that Bank of America was engaged in such activities during its separate period of servicing, and the scheduled claim against Bank of

8

America did not refer to the FDCPA at all.  Thus, the Court finds that scheduling a RESPA claim against Bank of America did not also schedule the claims in the Complaint against Green Tree.

Parikh's letter, which disclosed to the Trustee that Nicholas had a claim against Green Tree for "violations of Federal and Maryland law relating to mortgage servicing" without reference to Bank of America, RESPA, or the FDCPA, Opp'n Ex. A, Parikh Letter, does not remedy this defect.  Although actual notice of a *partially scheduled* claim is relevant in determining whether that claim was abandoned, *see In re Furlong*, 660 F.3d at 84, 87, Green Tree correctly notes that a trustee's actual notice of an *unscheduled* claim is irrelevant, *see, e.g.*, *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995); *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991).  As discussed above, because the claims relating to loan modification and FDCPA violations are distinct from any plausible RESPA claims against Bank of America, those claims were unscheduled.  At most, therefore, the letter provided actual notice of these unscheduled claims.

Because Nicholas did not properly schedule her claims against Green Tree, the claims were not abandoned when the bankruptcy case closed.  *See* 11 U.S.C. § 554(c); *Chartschlaa*, 538 F.3d at 122.  Nor were these claims abandoned through other means.  The Trustee's filing of a Report of No Distribution does not constitute abandonment.  *See Ultimore, Inc. v. Bucala* (*In re Bucala*), 464 B.R. 626, 634 (Bankr. S.D.N.Y. 2012).  Abandonment by the Trustee or the bankruptcy court requires notice to the creditors and a hearing, 11 U.S.C. § 554(a), (b), neither of which occurred in this case.  Consequently, Nicholas lacks standing to pursue this action.

### III.   Substitution of Party

Nicholas argues that, even if she lacks standing, the case should not be dismissed. Instead, she urges the Court to grant her leave to amend the Complaint to substitute the Trustee as the real party in interest under Federal Rule of Civil Procedure 17.

Civil suits "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).  Because Nicholas's claims against Green Tree belong to the bankruptcy estate, the Trustee is the real party in interest.  *See Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001).  However, a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).  Courts consider substitution to be appropriate where the plaintiff made an "understandable mistake" in bringing the action in the plaintiff's own name.  *See Wieburg*, 272 F.3d 308; Fed. R. Civ. P. 17(a)(3) advisory committee's note to 1966 amendment (stating that this provision "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made").  Thus, pursuant to Rule 17, before dismissing a case because the plaintiff's claims belong to the bankruptcy estate, a court must first consider whether there has been reasonable time for the trustee to ratify, join, or be substituted into the action, and whether the plaintiff's decision to pursue the action directly was the result of an understandable mistake.  *Wieburg*, 272 F.3d at 308-09 (vacating dismissal of a claim due to lack of standing where substitution of the trustee was not considered); *Auday v. Wet Seal Retail*, 698 F.3d 902, 905-06 (6th Cir. 2012) (holding that, although the plaintiff lacked standing to assert a claim that belonged to the bankruptcy estate, the district court erred by dismissing the complaint without considering whether to allow the plaintiff to substitute the trustee).

10

Here, Nicholas should have the opportunity to cure her lack of standing. As discussed above, the question whether Nicholas had standing to bring these claims was a complicated one because there was at least a colorable argument that the scheduling of a RESPA claim against Bank of America could have encompassed the claims against Green Tree. She thus made an understandable mistake in concluding that she was the real party in interest.[3] In addition, it was not unreasonable for Nicholas to delay action to cure her lack of standing while awaiting the Court's ruling on this Motion. *See Jones v. Safeway, Inc.*, No. ELH-12-03547, 2014 WL 6871586, at *6 (D. Md. Dec. 3, 2014) (granting the plaintiff time to cure her lack of standing even though she had failed to schedule any claim in her bankruptcy proceeding and had not moved to reopen the bankruptcy case while the defendant's motion to dismiss was pending).

Accordingly, Nicholas will be granted 60 days to cure her lack of standing, such as by seeking to reopen the bankruptcy, amend the petition, and allow the Trustee either to be substituted into this case as the real party in interest or abandon the claim and thus allow Nicholas to proceed. *See Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126-27 (8th Cir. 1998) (holding that a trustee had standing to pursue a claim where the original plaintiff filed suit after filing for bankruptcy but then substituted the trustee as plaintiff under Rule 17); *Ruffin v. Lockheed Martin Corp.*, No. WDQ-13-2744, 2015 WL 127827, at *4 (D. Md. Jan. 7, 2015) (holding that a plaintiff cured her lack of standing to assert an unscheduled claim when she reopened the bankruptcy proceeding and submitted an amended schedule, resulting in the

---

[3] In light of this understandable mistake, and the actual notice of the claim provided to the Trustee, Green Tree's judicial estoppel argument is unpersuasive, because judicial estoppel is only warranted where a party "intentionally misled the court to gain unfair advantage." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007); *see also Ruffin v. Lockheed Martin Corp.*, No. WDQ-13-2744, 2015 WL 127827, at *5 (D. Md. Jan. 7, 2015).

11

abandonment of the newly scheduled claim); *Jones*, 2014 WL 6871586 at *6-7.  Green Tree may renew the Motion to Dismiss if Nicholas fails to establish standing through one of these means.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is DENIED WITHOUT PREJUDICE. A separate Order shall issue.

Date:  March 25, 2016                                                    /s/
                                                                       THEODORE D. CHUANG
                                                                       United States District Judge